## Toza v. Hartford Fire Ins. Co.

*Scales & Shaw*, for plaintiff.

*Smith, Best & Horn*, for defendant.

BAUER, J., August 10, 1951.—This case comes before the court en banc on motion by defendant for judgment non obstante veredicto. The case was tried in the February term of 1951, and a verdict was rendered in favor of plaintiff, Victor Toza, in the amount of $358.40, with interest from June 29, 1948. Defendant, by counsel, filed a written motion for judgment non obstante veredicto.

In plaintiff's complaint he alleged that while covered by a policy of insurance he suffered a collision resulting in damage to his automobile in the sum of $408.40, and that although he complied with all the provisions of the policy, defendant refused to pay the sum thereof in the amount of $358.40 which the policy required the insurance company to pay.

To this statement of claim defendant filed its answer, alleging noncompliance with the various conditions of the policy, particularly as to giving notice of the accident as soon as practicable, as to filing proofs of loss, and as to exhibiting damaged property to the company. This was a $50 deductible policy.

On the trial of the case, certain allegations of the complaint being undenied, were admitted and read into evidence, particularly as follows:

(a) "That on the 24th day of February, 1948, the defendant corporation . . . issued its written contract or policy of insurance No. 30037 to Victor Toza . . . as the insured."

(b) ". . . the said collision coverage provided for the payment . . . in the amount of actual cash value less salvage value, less $50.00, and also provided for the payment of towing and storage.

(c) "The said policy of insurance was in full force and effect on June 29, 1948."

Plaintiff testified that he had an accident on June 29, 1948, stating the time and place; he further testified that the next morning, on his way to the garage to have the car repaired, he stopped to see Mr. Thompson, the agent who had countersigned the policy, and reported the accident to him; he told Mr. Thompson the damage that was done to the car; quoting plaintiff's testimony, ". . . told him my car was outside, across the street, if he wished to see the car, see the damage put on it, and he said it wasn't necessary". This was the morning following the accident; the automobile was towed to the garage for repairs at a place within a few miles of the agent's office and it was repaired about the middle of July, which was more than two weeks after the accident. Plaintiff testified that he waited for the adjuster to come, and, getting no satisfaction, again went to see Mr. Thompson; Thompson again told him that the adjuster would be out. When the adjuster failed to come out, plaintiff testified he went to the garage in Charleroi and told them he had to have his car to go back and forth to work and ordered them to repair the automobile; that he again saw Mr. Thompson and took the repair bill in the amount of $408.40 to him; that Mr. Thompson told him to take the bill in to the head office of the insurance company in Pittsburgh; that he did go to the head office in Pittsburgh in the Arrott Building, and turned the bill in to the insurance company, defendant; the main office in Pittsburgh refused to pay the bill, for the following reason, quoting plaintiff's testimony:

"I asked him the reason why, and he said the reason was he said because the car was repaired before he looked at the car; in other words, he was supposed to be the adjuster, and I asked him, I said, is that the

only reason, and he said, yes; and so I told him, well, I would have to see somebody else about it."

The time of this visit of plaintiff to the home office in Pittsburgh was the latter part of July 1948. Edward M. Sheridan, representing defendant insurance company, testified for defendant that R. C. Thompson is one of the proper men to make a report to in case of accident in that vicinity.

The motion for judgment non obstante veredicto in this case can be based only upon the failure of plaintiff to file a proof of loss within 60 days after the accident. The court properly instructed the jury as to this matter. The above discussion shows a waiver of the filing of the proof of loss on the part of the insurance company and makes the matter purely a question for the jury. Proof of loss may be waived by the company:

"The utmost fair dealing should characterize the transactions between an insurance company and the insured. If the insurer, having knowledge of a loss, by any act throws the insured off his guard as to the necessity of performing some duty enjoined by the policy, the insurer should not be permitted to take advantage of the failure to act. It has been held many times that an insurance company may waive filing a technical proof of loss.

"Waiver may be inferred from any act evidencing a recognition of liability or from a denial of liability *on other grounds than failure to file proof of loss.*

"Waiver may be shown by parol in express language, or . . . it may appear by necessary implication": Fedas v. Insurance Company of the State of Pennsylvania, 300 Pa. 555, 559. (Italics supplied.)

Under all the facts adduced at the trial of this case it is very apparent that this was a case that should have been submitted to the jury on the questions of fact that were raised. The jury has decided in favor of

plaintiff, and we can see no reason to disturb their verdict.

And now, August 10, 1951, after argument and after due and careful consideration, it is ordered, adjudged and decreed that the motion for judgment non obstante veredicto filed by defendant be and the same hereby is refused, and judgment is ordered to be entered on the verdict.